IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ALEXANDRE LAING** | )<br>)<br>) |
| *Petitioner*, | )<br>) |
| v. | ) Civil Action No.<br>) |
| **JACLYN FORTINI LAING** | )<br>) |
| *Respondent*, | )<br>)<br>) |

**REQUEST FOR EXPEDITED CONSIDERATION OF PETITION FOR RETURN OF CHILDREN TO FRANCE AND ISSUANCE OF SHOW CAUSE ORDER**

Petitioner, ALEXANDRE LAING , by his undersigned attorney, pursuant to 28 U.S.C. § 2241, *et seq.* and 22 U.S.C. §9004, and for good cause, hereby requests that this Court issue forthwith a Show Cause Order in the form submitted herewith, and enter an expedited scheduling order to resolve within six weeks Petitioner's Verified Complaint and Petition for Return of the Minor Children, stating in support as follows:

1. Together with this request, Petitioner has filed a Verified Complaint and Petition for Return of the Children. His Petition arises from Respondent's, JACLYN FORTINI LAING's, unlawful retention of Petitioner's minor children in the United States of America and is brought pursuant to the Convention on the Civil Aspects International Child Abduction, done at the Hague on October

25, 1980 (hereinafter the "Convention")[1] and its implementing federal statute, the International Child Abduction Remedies Act, 22 U.S.C. §9001, *et seq.* (hereinafter "ICARA").

2. The Convention, which came into effect in the United States on July 1, 1988 and was ratified between the United States and France, provides an expedited mechanism for "secur[ing] the prompt return of children wrongfully removed to or retained in any Contracting States" and "ensur[ing] that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." Convention, Art. 1.

3. In accordance with the Convention and the ICARA, Petitioner seeks expedited relief from this Court to secure the return of his five year old son, J.T.F.L., and his three year old son, M.J.F.L, both born in France. See Convention, Article 11 (setting a goal of six weeks from date of filing for the determination of the merits of a wrongful removal or wrongful retention case).

4. The ICARA, 22 U.S.C. §9001 *et seq.* establishes that cases brought under the Convention should not follow the standard civil action schedule with the issuance of a writ of summons, twenty days for the filing of a responsive pleading and establishment of a scheduling order. Rather, ICARA provides that notice of such hearings shall be made in accordance with the requirements of applicable state law governing notice in interstate child custody disputes. 22 U.S.C. §9003(c).

5. In Illinois, the relevant law governing notice in interstate child custody disputes is found in the Uniform Child Custody Jurisdiction and Enforcement Act("UCCJEA"), 750 ILCS §36/101, *et seq*. Section 205 of the UCCJEA requires that notice to a parent or person having physical custody of the child must be given "in accordance with the standards of section 108." 750 ILCS

---

[1] T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, reprinted in 51 Fed. Reg. 10,493 (1986). A copy of the Convention is attached to the Petition as Exhibit A.

§36/205. Section 108 of the UCCJEA, in turn, provides merely that notice and an opportunity to be heard must be given to a parent or person having physical custody of the child "in a manner reasonably calculated to give actual notice" and "may be made by publication if other means are not effective." 750 ILCS §36/108.

6. The importance of securing the attendance of the Respondent through the mechanism of a Show Cause Order cannot be underestimated. ICARA is unequivocal that a Petitioner can only bring a Hague Convention action in a place where the child is located. 22 U.S.C. §9003(b). For this reason ICARA makes it clear that this Court can take any provisional remedies to ensure that the child in question is not further removed from its jurisdiction. 22 U.S.C. §9004. The issuance forthwith of a Show Cause Order that contains an admonishment to the Respondent to appear before this Court or be subject to its contempt powers is the appropriate mechanism in this case to ensure that the Respondent will promptly appear, and not flee further with J.T.F.L. and M.J.F.L.

**WHEREFORE**, Petitioner, ALEXANDRE LAING, respectfully requests that this Honorable Court:

A. Issue a Show Cause Order forthwith , in the proposed form submitted to this Honorable Court, permitting service by the U.S. Marshals Service consistent with the requirements of 750 ILCS §§36/108 & 205, and setting (1) an initial date for Respondent to appear with the minor children, with any and all passports and travel documents for the minor children and the Respondent, and (2) a date for an expedited hearing on the merits of the Verified Complaint and Petition for Return of the Children on the first date available on the Court's calendar within six weeks of the filing of this Request for Expedited Consideration; and

3

B.      Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 22nd day of October, 2024.

| | |
|---|---|
| LAW OFFICE OF PHILLIP BRIGHAM, LLC<br>53 West Jackson Blvd., Suite 1560<br>Chicago, Illinois 60604<br>Telephone: 312-360-1722<br>Facsimile: 312-360-1723<br>pbrigham@phillipbrighamlaw.com | /s/ Phillip Brigham<br>Phillip Brigham<br>ARDC No.: 6299171 |