<div style="border:1px solid black; text-align:center;">

**REQUEST FOR AUTHORIZATION
TO SUMMON IN SHORT ORDER
BEFORE THE FAMILY COURT JUDGE
AT THE BORDEAUX JUDICIAL COURT**

*(Article 1109 of the Civil Procedural Code)*

</div>

In accordance with the provisions of Article 1109 of the Civil Procedural Code, the petitioner,

**Mr. Alexandre LAING**, born January 30, 1986, in Ivry-sur-Seine (94), of French nationality, residing at 2 place Jean Jaurès in Bordeaux 33000, General Manager,

<u>Retaining as counsel:</u>   **SELAS KGA AVOCATS**
**Member of the klein • wenner AARPI [Association of Lawyers with Individual Professional Liability]**
**Represented by Mr. Cédric VANDERZANDEN**
*Attorney at the Bordeaux Bar*
19 rue Danielle Casanova, 75001 Paris
24 rue Vital Carles, 33000 Bordeaux
Phone: 01 44 95 20 00
Letterbox: K110
Email: cedric.vanderzanden@kleinwenner.eu

is requesting that the Family Court Judge grant authorization to summon **Mrs. Jaclyn LAING, née FORTINI**, born on September 27, 1985, in Downers Grove (United States of America), of American nationality, residing at 2 place Jean Jaurès in Bordeaux 33000, for divorce and to a preliminary hearing on interim relief to be scheduled in short order.

**THE FACTS ARE AS FOLLOWS:**

Mr. Alexandre LAING entered into marriage with Mrs. Jaclyn FORTINI on September 3, 2016, before the civil registrar of the 14th arrondissement of Paris.

A prenuptial agreement was signed between the spouses before Ms. Marthe NKENGNA FOGANG, civil law notary in Paris, 14th arrondissement, adopting the regime of separation of property.

   *Exhibit 1: Prenuptial agreement*

**EXHIBIT 1**

2 | P a g e

Two children were born of this union:

- ███████████████████████, born November 3, 2018, in Los Angeles (United States of America), now 5 years old,

- ███████████████████████, born on April 6, 2021, in Bordeaux (33), now 3 years old.

    *Exhibit No. 2: Family booklet*

The family home is located at 2 place Jean Jaurès in Bordeaux (33).

    *Exhibit No. 3: Lease agreement*

The LAING spouses and their two children have always lived in France, the couple having arrived in French territory when ███████ was only a few months old.

During the 2024 summer vacation, the FORTINI LAING family went to the United States, to the family of Mrs. FORTINI LAING. Mr. Alexandre LAING and Mrs. Jaclyn FORTINI LAING decided to go their separate ways at the beginning of August, on the initiative of Mr. LAING.

Mr. LAING returned to France, while Ms. FORTINI LAING remained in the United States with the children. It was initially agreed that Ms. FORTINI LAING and the couple's two children would return to France on August 20, 2024 at 5:15 p.m., on flight AF137 departing from Chicago.

    *Exhibit No. 4: Proof of return flight of Mrs. FORTINI LAING, ███████ and ███████ FORTINI LAING*

At the start of the new school year in September, when ███████ was due to start first grade and ███████ the first year of preschool, in Bordeaux, the city where they grew up, Ms. FORTINI LAING informed Mr. LAING of her decision to stay in the United States with the children.

Mr. LAING filed a police report on August 22, 2024.

    *Exhibit No. 5: Police report dated August 22, 2024*

As of the date hereof, Mr. LAING resides at the family home located at 2 place Jean Jaurès in Bordeaux (33). As for Mrs. LAING, she is staying with her parents at 24010 W Quail Ct, IL 60544, USA, with the couple's two children.

Mr. LAING went to the United States this past August 23 to see his children again. Mrs. FORTINI LAING quite simply prevented Mr. LAING from seeing ▮▮▮▮ and ▮▮▮▮ the first day and demanded to be present when Mr. LAING was able to see them again for a few hours on Saturday morning, two hours on Saturday August 24 in the afternoon, and two hours on Sunday 08/25. She then told him that he wouldn't see them again for the rest of the week, but would be able to chat with them twice a week for 15 minutes, on Wednesdays and Sundays at 4:30 p.m. Chicago time (11:30 p.m. French time).

*Exhibit No.6: Chats between Ms. FORTINI LAING and Mr. LAING*

Mrs. FORTINI LAING told Mr. LAING that she intended to take the case before an American judge to prevent him from seeing his children for the rest of their childhood.

Mr. LAING is very close to his sons and has always been there for them. This brutal and completely unjustified separation leaves him completely powerless and despondent.

The only explanation Mr. LAING can come up with for his wife's behavior is that the couple had decided to separate, though this should in no way affect Mr. LAING's relationship with his sons.

Given this urgent situation and in particular:

(i) Mrs. FORTINI LAING's refusal to return to France with ▮▮▮▮ and ▮▮▮▮ even though the latter have always lived in France and are supposed to go back to school in Bordeaux in September

(ii) The imminent referral of the case to an American judge, which could impede the jurisdiction of the French judge

(iii) The best interests of ▮▮▮▮ and ▮▮▮▮ require that they return to France to an environment they know and have grown up in

Mr. LAING has no other choice but to request that the Family Court Judge grant authorization to summon Mrs. FORTINI LAING for divorce and to a preliminary hearing on interim relief to be scheduled in short order.

**LEGAL GROUNDS**:

Article 1109, paragraph 1 of the Civil Procedural Code provides that:

> *"In cases of urgency, notwithstanding articles 1107 and 1108, the family court judge, when petitioned, under the conditions of the second and third paragraphs of Article 840 and Article 841,*

4 | P a g e

*may authorize one of the spouses to summon the other spouse for divorce and to a preliminary hearing on interim relief to be scheduled in short order [...]."*

**STATEMENT OF FACTS:**

In this case, the severance of the paternal bond imposed by Mrs. FORTINI LAING and the uprooting of the children from the environment in which they grew up fully justifies the urgency.

The situation falls within the scope of international child abduction, insofar as it was agreed that Mrs. FORTINI LAING would return to France with the couple's children on August 21, 2024, but has so far refused to do so, even though ▉▉▉▉ and ▉▉▉▉ have always lived in France and were due to start school in Bordeaux in a few days' time.

Moreover, Mrs. FORTINI LAING hinted to Mr. LAING that she was going to take the matter before an American judge to decide on the divorce and custody of the children, and also told him that she would do everything in her power to stop him from seeing his children.

The Supreme Court has ruled that there is no longer international lis pendens when the divorce decree has already been rendered abroad, regardless of whether the French judge was the first to have the matter brought before them (1st Civ., Sept. 30, 2009, No. 08-18.769).

In view of the hearing deadlines (the next possible date for divorce proceedings is March 2025), it is quite possible that an American judge will have already ruled on the question of Mr. LAING's rights with regard to his sons by the end of the year, which would render inadmissible any claims made before a French judge.

  **For these reasons,**

**Authorization is requested from the Family Court Judge to issue the summons shown below as soon as possible given the urgency, in accordance with the provisions of Article 1109 of the Civil Procedural Code.**

Drawn up in Bordeaux, September 3, 2024.

<div style="text-align:right">

[signature]
**Cédric VANDERZANDEN**
Attorney-at-law
cedric.vanderzanden@kleinwenner.eu

</div>

**List of exhibits in support of this request:**

Exhibit No. 1: Prenuptial agreement

Exhibit No. 2: Family booklet

Exhibit No. 3: Lease agreement

Exhibit No. 4: Proof of return flight of Mrs. FORTINI LAING, ▮▮▮▮ and ▮▮▮▮ FORTINI LAING

Exhibit No. 5: Police report dated August 22, 2024

Exhibit No. 6: Chats between Mrs. FORTINI LAING and Mr. LAING